Affirmed in Part, Reversed and Remanded in part, and Majority and
Concurring Opinions filed July 24, 2003









 

Affirmed in Part, Reversed and Remanded in part, and
Majority and Concurring Opinions filed July 24, 2003.

 

 

 

 

 

 

 

 

In The

 

Fourteenth Court of Appeals

____________

 

NO.
14-02-00243-CV

____________

 

JOYCE ELLIOTT, Appellant

 

V.

 

KRAFT FOODS NORTH AMERICA, INC.,
Appellee

 



 

On
Appeal from the 11th District Court

Harris County, Texas

Trial
Court Cause No. 01-29856

 



 

C
O N C U R R I N G  
O P I N I O N

The
trial judge did not make written findings of fact and conclusions of law as
ordered by this court.  Whether the judge=s
conduct was deliberate or merely inadvertent cannot be determined from the
record before us.








The
press of business, particularly in a busy, urban trial court, is daunting.  Thus, the trial judge=s
failure to make findings of fact may have been unintentional.  However, as the majority opinion makes clear,
the circumstances surrounding the trial judge=s inaction, in the face of repeated requests, suggests his
conduct may have been a deliberate refusal, as opposed to a negligent
failure.  In any event, because the trial
judge did not make findings of fact, this court was forced to conduct an
otherwise unnecessary harm analysis regarding the absence of written findings
of fact, and, as the majority notes, this absence Amakes
our review [of the appellate issues] somewhat awkward.@


The
violation of a court=s order is an issue of contempt.  In re Acceptance Ins., 33 S.W.3d 443,
449 (Tex. App.CFort Worth 2000, orig. proceeding).  The power to punish a party who fails or
refuses to obey an order or decree of the court is an inherent power of a court
and is an essential element of judicial independence and authority.  In re Reed, 901 S.W.2d 604, 611 (Tex.
App.CSan Antonio 1995, orig. proceeding).  If the trial judge intentionally
refused to comply with our order, such an act tends to bring this court into
disrespect.  Id.
at 612.  It is the duty of this
court to give the trial judge an opportunity to explain his actions, and if it
should become apparent, after a hearing, that he acted intentionally and
contemptuously, to punish him accordingly. 
Id.  For these reasons, the
court should schedule a show cause hearing to determine the issue.

 While I concur in the majority=s
disposition of appellant=s points of error, I first would have determined the underlying
issue regarding the reasons for the want of written findings and
conclusions.  With these observations, I
concur in this court=s judgment.

 

 

 

 

/s/        J.
Harvey Hudson

Justice

 

 

 

Judgment rendered and Majority and
Concurring Opinions filed July 24, 2003.

Panel consists of Justices Yates, Hudson,
and Frost.